# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| MARSHALL TUCKER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Cause No. 1:15-cv-89-WTL-MJD |
| HUNT CONSTRUCTION GROUP, INC., | ) ) ) |
| Defendant. | ) |

## ENTRY ON PLAINTIFF'S MOTION TO REMAND

This cause is before the Court on the Plaintiff's motion to remand. Dkt. No. 8. The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

### I. BACKGROUND/PLAINTIFF'S ALLEGATIONS

The Plaintiff, Marshall Tucker, filed suit against the Defendant, Hunt Construction Group, Inc., after he was injured while working on the Operational Readiness Training Complex Project (the "Project") at Camp Atterbury.[1] Tucker, a mason, was working in the course and scope of his employment with Bruns-Gutzwiller, Inc., when he fell from scaffolding allegedly maintained by Hunt. Hunt was the general contractor on the Project, and Bruns-Gutzweiller held a subcontract with Hunt.

Tucker originally filed this lawsuit in the Johnson County, Indiana Superior Court, but on January 23, 2015, Hunt removed the matter to this Court alleging Federal Officer Jurisdiction and Federal Enclave Jurisdiction.

---

[1] The Project involved, among other things, the construction of barracks at Camp Atterbury.

## II. DISCUSSION

Tucker now moves the Court to remand this matter back to Johnson County because Hunt (1) "has failed to show that anyone associated with the United States of America gave any specific direction or instruction to Hunt Construction in how to operate the subject scaffolding," and (2) "has failed to show that Mr. Tucker's injury occurred at or on a federal enclave." Tucker's Br., Dkt. No. 9 at 1. The Court agrees that neither Federal Officer Jurisdiction nor Federal Enclave Jurisdiction are present in this case.

### A. Federal Officer Jurisdiction

Pursuant to 28 U.S.C. § 1442,

> (a) A civil action . . . that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (*or any person acting under that officer*) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

(emphasis added). The party seeking removal bears the burden of proving the grounds for its motion. *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180 (7th Cir. 2012) (citing *Shah v. Inter–Continental Hotel Chi. Operating Corp.*, 314 F.3d 278, 280 (7th Cir. 2002); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)). Thus, Hunt has the burden of proving that "it was a (1) 'person' (2) 'acting under' the United States, its agencies, or its officers (3) that has been sued 'for or relating to any act under color of such office,' and (4) has a colorable federal defense to the plaintiff's claim." *Id.* at 1180-81 (quoting 28 U.S.C. § 1442).

The Supreme Court has held that "[t]he federal officer removal statute is not 'narrow' or 'limited,'" *Id.* at 1180 (quoting *Willingham v. Morgan*, 395 U.S. 402, 406 (1969)).

Tucker argues that Hunt is unable to show that it was "'acting under' an officer of the United States." Dkt. No. 9 at 4. Indeed, the contract at issue was between Hunt and the State of Indiana, not the federal government. Hunt, however, points to the following clause in the contract to support its "acting under" argument:

> **Relationship of the Federal Government**: This contract is funded, fully or in part, by the Federal Government. The Federal Government is not a party to this contract. As a condition to receiving and expending Federal funds, there are certain rights of Federal inspection, Federal approval of contract changes and modifications, and Federal approval of settlements or dispute actions that the Federal Government will exercise prior to authorization of Federal funds. Therefore, no inspection or acceptance, change modification, settlement, dispute claim payment or dispute action will be considered binding until the required Federal approval is obtained. The Chief, National Guard Bureau, or his designated representative, is the approval authority. This paragraph does not abrogate any rights conferred on the Federal Government by law or other clause required due to the use of Federal funding.

Dkt. No. 1-1 at 3. Hunt argues that the "acting under" requirement is satisfied because of the federal funding and the federal government's corresponding rights of inspection and approval. Although courts liberally construe the "acting under" term, *see Ruppel*, 701 F.3d at 1181 (citing *Watson v. Philip Morris Cos.*, 551 U.S. 142, 147 (2007)), the Court does not agree.

In *Ruppel*, the plaintiff filed suit against CBS Corporation alleging that CBS's predecessor in interest, Westinghouse Corporation, caused his mesothelioma. Westinghouse, a U.S. Navy contractor, included asbestos in the turbines that it supplied to the Navy, and the plaintiff alleged that he was exposed to the asbestos during his Naval service. In analyzing whether CBS "acted under" a federal officer, the Seventh Circuit noted that

> "[a]cting under" must involve an effort to *assist*, or to help *carry out*, the federal superior's duties or tasks. . . . Cases in which the Supreme Court has approved removal involve defendants working hand-in-hand with the federal government to achieve a task that furthers an end of the federal government.

*Id.* (citations omitted) (emphasis in original). The Seventh Circuit further noted that the "acting under" requirement "covers situations . . . where the federal government uses a private corporation to achieve an end it would have otherwise used its own agents to complete." *Id.* The court ultimately concluded that "CBS worked hand-in-hand with the government." *Id.*

That is not the case here. Although the project was federally funded, which granted the federal government corresponding rights of inspection and approval regarding the finances on the Project, the contract was clearly between Hunt and the State of Indiana. The State, not the federal government, hired Hunt to construct barracks at Camp Atterbury, presumably for the Indiana National Guard. Although a relationship with the federal government exists in this case, the relationship is not one that leads to Federal Officer Jurisdiction. Simply put, Hunt has failed to show that it was working "hand-in-hand" with the federal government. As such, Hunt is unable to establish that it was "acting under" a federal officer in relation to the Project.

### B. Federal Enclave Jurisdiction

Under the Constitution, the United States has exclusive jurisdiction "over all Places purchased by the Consent of the Legislature of the State in which the Same shall be." U.S. Const. art. I, § 8, cl. 17. Hunt, relying on previous Southern District of Indiana case law, argues that "Camp Atterbury is owned by the United States but has been licensed to the State of Indiana for many years." Hunt's Resp., Dkt. No. 25 at 7 (quoting *Yeary v. United States*, 921 F. Supp. 549, 551 (S.D. Ind. 1996)). Tucker argues, however, that the State of Indiana, not the federal government, owns the land in question. This appears to be true.

The Court is generally aware that Camp Atterbury serves as the training and mobilization site for the Indiana National Guard, which has both federal and state obligations and responsibilities. Additionally, the federal government owns some or most of the land at Camp

4

Atterbury. *See, e.g.*, *Yeary*, 921 F. Supp. at 551. It appears, however, that in this specific instance, the Project and the land on which it sits is owned by the Military Department of Indiana, also referred to as the Indiana National Guard. Thus, the land in question is not owned by the federal government, and was thus not "purchased by" the federal government. Accordingly, Hunt is unable to establish Federal Enclave Jurisdiction.[2]

### III. CONCLUSION

For the reasons set forth above, the Plaintiff's motion to remand (Dkt. No. 8) is **GRANTED**.

Accordingly, the Court **REMANDS** this matter to the Johnson County Superior Court. **As required by 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of this remand order to the Clerk of the Johnson County Superior Court.**

SO ORDERED: 4/30/15

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.

---

[2] Hunt argues more than once that the Court should deny the motion to remand because the full extent of the federal government's involvement and/or ownership in this Project is not yet known. Hunt, however, had an obligation to present evidence in response to the Plaintiff's motion to remand, and could have requested an extension of time to discover whatever information it deemed necessary.